UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUZANNE WASHBURN,

        Plaintiff,

v                                                      Case No. _____

GENERAL ELECTRIC CAPITAL,              (***JURY DEMAND***)
CORPORATION, a Delaware corporation,

        Defendant.
_____/

SCHWARTZ LAW FIRM, P.C.
By:   Mary A. Mahoney (P41568)
Attorney for Plaintiff
37887 West Twelve Mile Road, Suite A
Farmington Hills, Michigan 48331
(248) 553-9400
_____/

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, SUZANNE WASHBURN, by and through her attorney, Schwartz Law Firm, P.C., and for her Complaint states:

1.       This is an action or damages, brought pursuant to Title VII and the Michigan Elliot-Larsen Civil Rights Act.  In this action, Plaintiff seeks damages and/or other equitable relief against the Defendants, as a result of gender discrimination that occurred while the Plaintiff was employed by the corporate Defendant, and arising out of Plaintiff's termination, which occurred as a result of discriminatory actions taken by Defendant during Plaintiff's employment.

1

2.  This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, specifically 42 USC §2000(e) *et seq,* and by the Elliot-Larsen Civil Rights Act, specifically MCL §37.2101, *et seq*.

3.  As a result of the gender discrimination that occurred while the Plaintiff was employed by the above-named corporate Defendant and as a result of the Plaintiff's wrongful termination, the Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission as to the corporate Defendant.

4.  Subsequent to October 21, 2008, Plaintiff received a right to sue letter as against Defendant, GE CAPITAL CORPORATION from the EEOC.

5.  Jurisdiction of this Court is invoked pursuant to 42 USC § 2000(e)(5)(f); 28 USC § 1331 and 28 USC § 1343 (a)(4).

6.  The amount in controversy exceeds $75,000.00 exclusive of interest, costs and attorney fees thereon.

## PARTIES

7.  Plaintiff, SUZANNE WASHBURN, was at all times relevant hereto an individual residing in the Township of Clinton, County of Macomb, State of Michigan.

8.  Defendant, GENERAL ELECTRIC CAPITAL CORPORATION ("GE Capital"), was at all times relevant hereto a corporation duly organized and existing under the laws of the State of Delaware, and doing business in the State of Michigan.

9.  In June, 1980, Plaintiff was hired by McCullagh Leasing, Inc. as a Retail Clerk.

10. In 1990, McCullagh Leasing, Inc. was acquired by GE Capital Fleet Services, and Plaintiff worked continuously during and after the transition of business to GE Capital Fleet Services for the merged companies.

11. From 1980 through 2006, Plaintiff held positions in both administration and sales, and received regular raises and promotions based upon merit while working for GE Capital Fleet Services, an affiliate of Defendant.

12. Throughout Plaintiff's employment with corporate Defendant, she consistently received good evaluations, reflecting that her work for Defendant was above satisfactory.

13. In June 2006, Plaintiff was transferred to Defendant in the capacity of District Manager, and reported to Stanley Boris; as a result of this promotion, Plaintiff became the only female District Manager within the operations unit to which Plaintiff was assigned.

14. Plaintiff's assigned District was a territory where Defendant had not had a presence in many years, and was therefore a territory without an established customer base.

15. While attempting to re-establish contacts within her assigned territory, Plaintiff requested support from Defendant in the form of a customer list; these requests were ignored and/or denied for the stated reason that Defendant could not supply a customer list to her because it might fall into a competitor's possession.

16. Plaintiff's Regional Manager, Jim Flanigan, commonly attended sales calls with Plaintiff's male counterparts, but failed and/or refused to attend sales calls within Plaintiff's territory.

17. In September, 2007, Plaintiff was placed on a Performance Improvement Plan ("PIP"), for the stated reason that she had not met her quota for sales.

18. At the same time that Plaintiff was placed on PIP, her male counterparts, who also failed to meet their sales quotas, were not disciplined or placed on PIP.

19. Plaintiff attempted at all times to foster a productive and positive relationship with her supervisors.

20. Plaintiff's attempts to develop new business within her assigned territory were undermined by Defendant and Defendants agents, due to their failure to provide support for her efforts, and their failure to respond to her numerous requests for clarification, assistance, and resources.

21. Plaintiff's efforts were repeatedly criticized and monitored by the Regional Manager, while the Regional Manager made no effort to investigate his criticisms and refused to visit Plaintiff's territory and ascertain the circumstances faced by Plaintiff in attempting to develop business.

22. When Plaintiff inquired of her Branch Manager as to the actions of the Regional Manager described above, she was told that the regional manager did not like working with women.

23. Plaintiff was informed and believes that another complaint or complaints of gender discrimination were lodged internally against her Regional Manager, evidencing a predisposition on his part to discriminate against females.

24. None of Plaintiff's male counterparts were treated in the same fashion as Plaintiff as described herein.

25. Plaintiff's sales quotas were set without regard to the barriers present within her territory and the lack of support given her by her managers; Plaintiff's male counterparts were not subjected to the same conditions.

26. Effective April 1, 2008, Plaintiff was terminated from her employment for the stated reason that she had failed to meet her sales quotas.

27. Plaintiff's male counterparts who did not meet their sales quotas were not disciplined or terminated as a result.

28. As a direct and proximate result of the aforementioned wrongful conduct of the Defendants, Plaintiff has suffered, is currently suffering, and will continue in the future to suffer damages, including without limitation:

(a) Lost compensation, including wages and benefits;

(b) Severe emotional distress, including fear, anxiety and depression;

(c) Physical pain and suffering occasioned by the aforementioned emotional distress;

(d) Loss of reputation;

(e) Loss of dignity and self-esteem;

(f) Loss of earning capacity; and

(g) Other damages to be determined.

## COUNT I

### GENDER DISCRIMINATION/DISPARATE TREATMENT

29. Plaintiff repeats and realleges her allegations contained in paragraphs 1 through 28 above, as though fully restated below.

30.     At all times relevant hereto, Plaintiff was employed by Defendant, GENERAL ELECTRIC CAPITAL CORPORATION, and as such, Plaintiff and Defendant were covered by and subject to the requirements and prohibitions of Title VII, specifically 42 USC § 2002 *et seq*, and the Elliot-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

31.     Plaintiff was discriminated against based on her gender in the course of her employment, as described above.

32.     The wrongful conduct of Defendant as described herein, constituted gender discrimination and resulted in disparate treatment contrary to Title VII of the US Code and the Elliot-Larsen Civil Rights Act.

33.     As a direct and proximate result of Defendant's unlawful actions, as described above, Plaintiff has suffered the injuries and damages set forth previously.

34.     Plaintiff seeks an additional award of actual attorney's fees and costs, as authorized in the US Code and Michigan statute with respect to civil rights violations.

35.     The actions of Defendants were knowing, willful and intentional and accordingly, Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff, SUZANNE WASHBURN respectfully requests that this Court enter judgment against Defendants which provides the following relief:

I.      Legal Relief

      A.      Compensatory damages in an amount in excess of $75,000.00;

      B.      Exemplary damages in an amount in excess of $75,000.00;

      C.      Punitive damages in an amount in excess of $75,000.00; and

      D.      Interest, costs and actual attorney fees.

II. <u>Equitable Relief</u>

    A. Enter an Order reinstating Plaintiff to the position she would have held had there been no discrimination;

    B. Enter an injunction prohibiting any further acts of discrimination;

    C. Award Plaintiff interest, costs and reasonable, actual attorney fees; and

    D. Enter such other and further Orders as the Court deems just and appropriate at the time of the final judgment.

SCHWARTZ LAW FIRM, P.C.

By: <u>s/ Mary A. Mahoney</u>
Attorney for Plaintiff
37887 West Twelve Mile Road, Suite A
Farmington Hills, Michigan  48331
(248) 553-9400
mmahoney@schwartzlawfirmpc.com
(P41568)

Dated:  January 19, 2009

## PLAINTIFF'S JURY DEMAND

NOW COMES Plaintiff, SUZANNE WASHBURN, by and through her attorney, Schwartz Law Firm, P.C., and hereby demands a trial by jury of the within cause.

SCHWARTZ LAW FIRM, P.C.

By: <u>s/ Mary A. Mahoney</u>
Attorney for Plaintiff
37887 West Twelve Mile Road, Suite A
Farmington Hills, Michigan  48331
(248) 553-9400
mmahoney@schwartzlawfirmpc.com
(P41568)

Dated:  January 19, 2009